IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DALE L. THROGMORTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 03-593-PMF |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND OPINION

**FRAZIER, Magistrate Judge:**

Plaintiff, Dale L. Throgmorton, seeks judicial review of a final decision of the Commissioner of Social Security denying his November, 1998, application for disability benefits. Initial proceedings before an Administrative Law Judge (ALJ) resulted in a remand by the Appeals Council. Further proceedings were conducted, and benefits were denied after the ALJ decided that Mr. Throgmorton was not disabled. That decision became final when the Appeals Council declined further review. Judicial review of the Commissioner's final decision is authorized by 42 U.S.C. § 405(g).

To receive disability benefits, a claimant must be "disabled." A disabled person is one whose physical or mental impairments result from anatomical, physiological, or psychological abnormalities which can be demonstrated by medically acceptable clinical and laboratory diagnostic techniques and which prevent the person from performing previous work and any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(1)(A), 423(d)(2)(A). The Social Security regulations provide for a five-step sequential inquiry that must be followed in determining whether a claimant is disabled. 20 C.F.R. § 404.1520. The

Commissioner must determine in sequence: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets or equals one listed by the Commissioner, (4) whether the claimant can perform his or her past work, and (5) whether the claimant is capable of performing any work in the national economy. *Clifford v. Apfel,* 227 F.3d 863, 868 (7th Cir. 2000). If the claimant does not have a listed impairment but cannot perform his or her past work, the burden shifts to the Commissioner at Step 5 to show that the claimant can perform some other job. *Id.*

At the time of the ALJ's decision, plaintiff was 46 years old. He had a high school education and work experience as a heavy equipment operator, truck driver, mechanic, and foreman. The ALJ evaluated plaintiff's application through Step 5 of the sequential analysis and concluded that plaintiff had a history of herniated nucleus pulposus and a history of two spinal fusion surgeries that did not meet or equal one of the impairments listed in the Social Security regulations. The ALJ also determined that plaintiff retained the ability to perform a restricted range of light work. Although plaintiff could not return to his usual line of work, he was not disabled because he retained the ability to perform a significant number of security guard, information clerk, and cashier jobs (R. 18-24). Under the Social Security Act, a court must sustain the Commissioner's findings if they are supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" of proof. The standard is satisfied by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Butera v. Apfel,* 173 F.3d 1049, 1055 (7th Cir. 1999). Because the Commissioner of Social Security is responsible for weighing the evidence, resolving conflicts in the evidence, and making independent findings of fact, this Court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Commissioner. *Id.* However, the Court does not defer

to conclusions of law, and if the Commissioner makes an error of law or serious mistakes, reversal is required unless the Court is satisfied that no reasonable trier of fact could have come to a different conclusion. *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996).

> **I.     Weight Assigned to Functional Capacity Assessment**.

Plaintiff challenges the ALJ's determination that he retained the ability to perform a restricted range of light work, claiming that the ALJ gave undue weight to a functional capacity assessment that was "useless in determining an individual's ability to sustain work at any level over an extended period of time." When the ALJ assessed plaintiff's residual functional capacity, he recognized that his assessment was consistent with a November, 2000, functional capacity assessment (R. 21). Plaintiff believes the ALJ should have given the November, 2002, assessment little or no weight because it was based on tests performed over a short period of time that made him feel "pretty miserable" and put him "down on the floor for the next day and a half" (R. 342).

The November 30, 2000, report was prepared by a physical therapist at the request of one of plaintiff's treating physicians. The evaluation appears to be complete and purports to be an assessment of plaintiff's ability to work for an eight-hour day (R. 255-277). The rules governing ALJ proceedings allow ALJs to consider such evidence. 20 C.F.R. §§ 404.950(c), 404.1514(d), (e). Plaintiff points to no conflicting evidence or authority suggesting that this particular functional capacity evaluation is medically or vocationally invalid. Moreover, when reviewing the record, this Court may not reweigh evidence or substitute judgment. For these reasons, the Court is not persuaded that the ALJ's finding that the November, 2000, functional capacity report was consistent with his assessment of plaintiff's residual functional capacity was a legal error warranting remand for further proceedings.

> **II.     Description of Plaintiff's Daily Activities.**

Plaintiff also argues that the ALJ's credibility assessment was improper because the ALJ incorrectly characterized plaintiff's daily activities as a "fairly full range." The ALJ considered plaintiff's daily activities as one factor when evaluating the credibility of his testimony regarding his symptoms and limitations. Credibility determinations are afforded special deference because ALJs have a unique ability to observe the witness and evaluate testimony. *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000).

Plaintiff described his symptoms; estimated his ability to sit, stand, walk and lift items; and said that he typically needed to lie down for a period of time to relieve his pain. He described some of his daily activities in specific terms, saying that he drove a car at least three or four days a week, usually visited with family members three or four times a week, and attended church twice a week. He used vague terms to describe his other activities, which included cooking, cleaning, and shopping (R. 335-341). Under these circumstances, the Court is not persuaded that the ALJ's credibility assessment is patently wrong. The ALJ's description of plaintiff's testimony is not clearly inaccurate. Moreover, plaintiff does not suggest that the finding that plaintiff's description of the intensity and testimony was somewhat exaggerated and not fully credible is not supported by the other factors discussed in the decision.

### III. Evaluation of the Impact of Surgeries.

Finally, plaintiff claims the ALJ succumbed to the temptation to "play doctor" and made an independent medical finding when he found that plaintiff was capable of a restricted range of light work at all times except for two three-month periods of time following the surgeries in February and July, 2000. Plaintiff believes the ALJ should have reached a favorable decision in light of his testimony and a vocational opinion based on his testimony.

When a treating physician restricts a patient's activities, an ALJ may not substitute a

-4-

personal opinion about the claimant's medical condition for that of the claimant's physician. *Scivally v. Sullivan*, 966 F.2d 1070, 1076 (7th Cir. 1992). That is, ALJs must be careful not to succumb to the temptation to make independent medical determinations. *Schmidt v. Sullivan*, 914 F.2d 117, 188 (7th Cir. 1990). Rather, ALJs must make disability determinations based on evidence in the record.

Defendant points to medical findings and opinions regarding plaintiff's physical condition during the relevant periods. In September, 1997, Dr. Wayne evaluated plaintiff's condition and formed the opinion that plaintiff was capable of resuming his previous work duties (R. 129). In October, 1997, Dr. Wilkinson concurred with the recommendation of a work hardening facility imposing a 35-pound maximum lifting restriction and added a restriction against lifting and twisting (R. 140). In February, 1998, Dr. Mirkin evaluated plaintiff's condition and formed the opinion that he could return to work with lifting, bending, and stooping restrictions (R. 135). In July, 1999, Dr. Mirkin reported that plaintiff would most likely need to continue working in the light category if he elected not to have surgery (R. 253). Anterior lumbar fusion surgery was performed in February, 2000. In May, 2001, Dr. Mirkin reported that plaintiff could work with a lifting restriction (R. 243). He evaluated plaintiff's condition and formed the impression that plaintiff had pseudoarthrosis (R. 222, 240, 241). Posterior lumbar fusion surgery was performed in July, 2000. In August, 2000, Dr. Mirkin estimated that plaintiff could return to work in six to eight weeks (R. 238). In October, 2000, Dr. Mirkin evaluated plaintiff's condition and gave the opinion that he could return to work with lifting, bending, and stooping restrictions (R. 235).

Because these records support the ALJ's finding that plaintiff was capable of a restricted range of work except for two three-month periods following surgery, the Court is not persuaded that the ALJ made an independent medical determination regarding plaintiff's physical condition.

### IV.     Conclusion

The Commissioner's final decision regarding Dale L. Throgmorton's application for disability benefits is AFFIRMED.

**SO ORDERED.**

**DATED:**   May 17, 2005   .

>  *s/Philip M. Frazier*
>  **PHILIP M. FRAZIER**
>  **UNITED STATES MAGISTRATE JUDGE**